

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, NY 10007*

December 13, 2019

BY ECF

Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/14/2019
```

      Re:  Sean Janes v. Commissioner of Social Security
            18 Civ. 5054 (GBD) (SDA)

Dear Judge Aaron:

      We write in response to plaintiff's letter of today's date [ECF # 26], requesting that the Court extend *nunc pro tunc* the time for plaintiff to file a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), beyond the statute of limitations for filing such a motion.

      Under the statute, any motion for EAJA fees was due to be filed by October 30, 2019. *See* 28 U.S.C. § 2412(d)(1)(B). On that date, at 10:17 pm, plaintiff filed a notice of motion for fees and a declaration from another case that did not relate to plaintiff's motion. *See* ECF # 22, 23. The filed papers did not contain the essential elements of an EAJA petition, as required by statute: (1) a showing that plaintiff was a prevailing party, (2) a showing that the applicant was eligible to receive an award, or (3) the amount sought, including an itemized statement of the actual time expended and the hourly rate. *See* 28 U.S.C. § 2412(d)(1)(B); Scarborough v. Principi, 541 U.S. 401, 408 (2004) (upholding requirements).

      In order to extend the statute of limitations for filing an EAJA petition, plaintiff is required to demonstrate that he is entitled to equitable tolling of the statute. *See, e.g.*, Charles v. Colvin, 13-CV-3432, 2015 WL 403239, at *1 (E.D.N.Y. Jan. 29, 2015) ("courts in the Second Circuit routinely apply the doctrine of equitable tolling [in determining whether to grant an extension of the statute of limitations to file] EAJA fee petitions"). A litigant seeking to apply the doctrine of equitable tolling bears the burden of establishing two elements: (1) that he was pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. AQC ex. rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 2005)). Courts in this Circuit have denied requests to toll the

statute of limitations in Social Security EAJA cases similar to this one. Tamburri v. Barnhart, 16-CV-5784, 2018 WL 1175141, at *2 (E.D.N.Y. Mar. 5, 2018) (denying fees where petition filed 50 minutes late due to computer problem); Geertgens v. Colvin, 13 Civ. 5133 (JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016) (denying fees where attorney offered no excuse for delinquency); Charles v. Colvin, 2015 WL 403239, at *1 (press of business and procedural oversight not basis for equitable tolling).

     We therefore respectfully oppose plaintiff's request that the Court toll the statute of limitations for plaintiff's EAJA petition. Under the circumstances of this case, rather than ruling on plaintiff's letter request, it appears appropriate to allow the parties to fully brief this matter, with plaintiff filing a memorandum of law in support of his fee petition as contemplated by the Court's October 31, 2019 order, and the defendant filing a brief in opposition, raising any defenses it chooses to raise.

     We appreciate the Court's consideration of this matter.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By:     s/ *Susan D. Baird*
SUSAN D. BAIRD
Assistant United States Attorney
tel. (212) 637-2713
Susan.Baird@usdoj.gov

cc: Christopher J. Bowes, Esq.

ENDORSEMENT: The Court will defer ruling on Plaintiff's Letter Motion (ECF No. 26) until after the motion for EAJA fees (ECF No. 22) is fully briefed. As previously ordered, Plaintiff shall file a supporting memorandum of law regarding his motion for EAJA fees no later than Monday, December 30, 2019. Defendant shall file opposition papers no later than Friday, January 17, 2020. Any reply papers shall be filed by January 24, 2020.
SO ORDERED.
Dated: 12/14/2019