UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

SEAN JANES,

                        Plaintiff,

    -against-

ANDREW M. SAUL, *Acting Commissioner, Social Security Administration*,

                       Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 5054 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

On June 6, 2018, Plaintiff Sean Janes commenced this action against Defendant Andrew M. Saul, Acting Commissioner of Social Security, pursuant to Section 405 (g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of an administrative law judge's decision denying Plaintiff disability insurance benefits. (Compl., ECF No. 1.) On July 30, 2019, a Stipulation and Order of Remand was entered. (Stip. and Order, ECF No. 20.) The following day, the Clerk of the Court issued a judgment remanding the case. (J., ECF No. 21.) On October 30, 2019, Plaintiff moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking, *inter alia*, leave to defer filing a memorandum of law in support of his application for fees for a period of 60 days to permit the parties an opportunity to reach settlement regarding the fee issue. (Notice of Mot. for Att'y's Fees Pursuant to 28 U.S.C. § 2412, ECF No. 22.) On the same day, Plaintiff's counsel erroneously filed a declaration in support of that motion which pertained to a different case, *Whittier v. Saul*, No. 18 Civ. 4142 (PKC) (E.D.N.Y. 2019), pending in the Eastern District of New York. (Decl. of Christopher James Bowes in Supp. of Mot. for Att'y's Fees Pursuant to 28 U.S.C. §2412 ("Bowes *Whittier* Decl."), ECF No. 23.) By Order

dated October 31, 2019, this Court granted leave to Plaintiff to defer the filing of a memorandum in support attorney's fees until December 30, 2019. (Oct. 31, 2019 Order, ECF No. 24.)

On December 13, 2019, Plaintiff filed a corrected declaration in support of his motion for attorney's fees and costs in the amount of $6,447.78. (Decl. of Christopher James Bowes in Supp. of Mot. for Att'y's Fees Pursuant to 28 U.S.C. §2412 ("Bowes *Janes* Decl."), ECF No. 25.) Relatedly, Plaintiff's counsel filed a letter motion requesting that this Court accept the corrected declaration and relate it back to the date of his original motion. (Pl.'s Letter Mot., ECF No. 26.) On the same day, Defendant filed a letter motion opposing Plaintiff's request. (Def.'s Opp'n Letter Mot., ECF No. 27.)

Before this Court is Magistrate Judge Stewart D. Aaron's February 5, 2020 Report and Recommendation (the "Report"), recommending that Plaintiff's motion seeking permission to correct his declaration in support of his motion for attorney's fees be granted and that Plaintiff be awarded $6,447.78 in attorney's fees.[1] (Report, ECF No. 31, at 12.) Magistrate Judge Aaron advised the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when,

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

"upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. PLAINTIFF'S MOTION TO FILE A CORRECTED DECLARATION IN SUPPORT OF THE MOTION FOR ATTORNEY'S FEES IS GRANTED

Magistrate Judge Aaron correctly held that the principles articulated by the Supreme Court in *Scarborough v. Principi*, 541 U.S. 401 (2004) weigh in favor of granting Plaintiff's motion for leave to file a corrected declaration in support of the motion for attorney's fees. (Report at 6.) Although the Court in *Scarborough* did not squarely address "whether a fee application may be amended after the 30-day filing period to cure an initial failure to make the 'show[ings]' set forth in the first sentence of § 2412(d)(1)(B)," *Scarborough*, 541 U.S. at 420 n.7, this Court is persuaded by *Singleton v. Apfel*, 231 F.3d 853 (11th Cir. 2000), which was cited by the *Scarborough* Court. Specifically, in *Singleton*, the Eleventh Circuit found that "absent prejudice to the government or noncompliance with court orders for timely supplementation of the pleading requirements, courts may permit supplementation of timely EAJA fee applications." 231 F.3d at 858. Here, as Magistrate Judge Aaron properly noted, "Plaintiff's notice of motion for attorney's fees was filed timely, albeit with an erroneous and unrelated declaration." (Report at 8.) Further, Defendant has not demonstrated any evidence of prejudice. Accordingly, "Plaintiff's counsel's corrected declaration should relate back to Plaintiff's original filing, and therefore was timely filed." (*Id.*)

## III. THE REPORT CORRECTLY CALCULATES PLAINTIFF'S ATTORNEY'S FEES

Magistrate Judge Aaron conducted a thorough and careful inquest and issued the Report recommending that this Court award attorney's fees in the amount of $6,447.78 pursuant to the EAJA. (Report at 12.) This Court has reviewed the Report, and finds no error, clear or otherwise.

3

Accordingly, this Court adopts Magistrate Judge Aaron's recommended attorney's fees for the reasons stated in the Report.

## IV.   CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED. Plaintiff's motion for attorney's fees, (ECF No. 22), and letter motion seeking permission to correct the declaration in support of the motion for attorney's fees, (ECF No. 26), are GRANTED. Defendant is ordered to pay Plaintiff $6,447.78 in attorney's fees. The Clerk of the Court is directed to close the motion accordingly.

Dated: New York, New York
       June 9, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge