UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SEAN JANES,  :
 :
                      Plaintiff, :     MEMORANDUM DECISION
 :         AND ORDER
     -against- :
 :     18 Civ. 5054 (GBD) (SDA)
NANCY A. BERRYHILL, *Acting Commissioner, Social* :
*Security Administration*, :
 :
                      Defendant. :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

    On June 6, 2018, Plaintiff Sean Janes commenced this action against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of an administrative law judge's ("ALJ") decision denying Plaintiff disability insurance benefits. (Compl., ECF No. 1.) On July 30, 2019, a Stipulation and Order of Remand was entered, directing the case to be remanded to the Commissioner for further administrative proceedings. (Stip. and Order, ECF No. 20.) The following day, the Clerk of the Court issued a judgment remanding the case. (J., ECF No. 21.) Plaintiff's counsel subsequently moved this Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as a result of Plaintiff's successful appeal in this Court. On June 9, 2020, this Court adopted Magistrate Judge Stewart D. Aaron's Report and Recommendation, awarding Plaintiff's counsel $6,447.78 in EAJA fees. (Mem. and Order, ECF No. 32.)

    On remand, the ALJ found that Plaintiff was entitled to past-due disability benefits beginning in December 2013 and the Social Security Administration ("SSA") subsequently issued

a Notice of Award ("NOA") dated April 2, 2020, to Plaintiff.[1] The NOA awarded Janes $93,748.70. Plaintiff's counsel states that he did not receive the NOA until July 1, 2020 because the administrative counsel's offices were closed due to COVID-19 restrictions. (Bowes Decl. at ¶ 21.) On July 6, 2020, Plaintiff's counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b), seeking an amount of $29,000, which represents less than the twenty-five percent contingency fee in the retainer agreement between Plaintiff and his counsel. Plaintiff's counsel requests that he be awarded a net sum of $22,552.22 because Plaintiff is entitled to a credit of $6,447.78 for the previously awarded EAJA fees. (Mot. For Approval of Contingent Fee Agreement Under 42 U.S.C. § 406(b) ("Motion"), ECF No. 33 at 2-3.) On July 20, 2020, the Commissioner filed a response to Plaintiff's motion. (Letter dated July 20, 2020, ECF No. 36.)

Before this Court is Magistrate Judge Aaron's July 28, 2020 Report and Recommendation (the "Report"), recommending that Plaintiff's counsel be granted an award of $20,000 in attorney's fees and, upon receipt of this sum, Plaintiff's counsel should refund the previously awarded EAJA fees of $6,447.78 to Plaintiff. (Report. ECF No. 37, at 8.) Magistrate Judge Aaron advised the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate

---

[1] The SSA also issued Notices of Award, dated April 2, 2020, to Janes' three children (Decl. of Christopher J. Bowes in Supp. of Pl.'s Mot. for Approval of the Contingent Fee Agreement Pursuant to 42 U.S.C. § 406(b) ("Bowes Decl."), ECF No. 34, ¶¶ 19–20.) The three children each received an award of $15,988.80. (*Id.* at Ex. D.)

2

judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. THE REPORT CORRECTLY CALCULATES PLAINTIFF'S ATTORNEY'S FEES

Magistrate Judge Aaron correctly concluded that an enlargement of the filing period is appropriate. (Report at 6.) Therefore, Plaintiff's counsel's motion is timely. (*Id.*) Moreover, Magistrate Judge Aaron conducted a thorough and careful inquest and issued a Report recommending that this Court award attorney's fees in the amount of $20,000 pursuant to 42 U.S.C. § 406(b), which reflects an hourly rate of about $690. (Report at 6–7.) Magistrate Judge Aaron correctly noted that "[f]ee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (Report at 5 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted)).) This Court has reviewed the Report, and finds no error, clear or otherwise. Accordingly, this Court adopts Magistrate Judge Aaron's recommended attorney's fees of $20,000 for the reasons stated in the Report. Plaintiff's counsel is directed to return to Plaintiff EAJA fees previously awarded in the amount of $6,447.78.

## III. CONCLUSION

Plaintiff's counsel's motion for attorney's fees, (ECF No. 33), is GRANTED in the amount of $20,000. Upon receipt of this sum, Plaintiff's counsel should refund the previously awarded

EAJA fees in the amount of $6,447.78 to Plaintiff. The Clerk of the Court is directed to close the motion accordingly.

Dated: New York, New York
      October 6, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge